# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| JERRY DALE NICHOLS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No.: <u>1:18cv00085-JMV</u> |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner for Operations, | ) |
| Performing the Duties and Functions | ) |
| Not Reserved to the COMMISSONER | ) |
| of SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## <u>FINAL JUDGMENT</u>

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held May 21, 2019, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. In making the RFC determination, the ALJ erroneously relied almost exclusively on the medical opinions of two non-examining state agency physicians, which opinions were not based on review of the complete medical record and contradicted the medical opinions of the claimant's treating physician. *Cf. Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). The court further finds the ALJ erred at Step Three of the sequential evaluation process,

having provided no explanation whatsoever for the finding that the claimant's impairments did not meet or equal an appropriate listed impairment.

On remand the ALJ must issue a new decision. To begin, the ALJ must order a consultative examination of the claimant. The consultative examiner must be provided with the claimant's medical records that are currently on file, and the ALJ must obtain from the consultative examiner an opinion that includes a function-by-function assessment of physical RFC. Next, the ALJ must evaluate the claimant's impairments under Listing 1.04A and make all the required Step Three findings. Before making the Step Three determination, however, the ALJ must also seek from state agency physicians updated medical opinions that are based on all the relevant medical evidence, including, but not limited to, the report of the CE examiner. If necessary, the ALJ must make a new RFC determination that is based on the existing evidence along with the new evidence obtained. The ALJ must give good reasons supported by substantial evidence in the record for rejecting any medical opinion. Finally, if necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform in view of all relevant vocational factors and his functional limitations. Ultimately, the ALJ must issue a new decision that demonstrates compliance with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 22nd day of May, 2019.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE